**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge
(Successor Judge Docket)

**Dated:  September 30 2013**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.  12-34042 |
| | ) | |
| Patricia Lynn Traster, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No.  13-3009 |
| | ) | |
| Rodney Robinson Blake, Jr., | ) | SUCCESSOR JUDGE |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Patricia Lynn Traster, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF DECISION AND ORDER**

**ON DEFENDANT'S MOTION TO DISMISS ADVERSARY PROCEEDING**

      This matter is before the court on  the Motion of the Defendant, Patricia Lynn Traster, to Dismiss this Adversary Proceeding. [Doc. # 3]. The Defendant  is a debtor before this court, having filed a petition

for relief under Chapter 7 of the United States Bankruptcy Code, Case No. 12-34042. The Defendant's Motion to Dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Bankruptcy Rule 7012, and is predicated on the Plaintiff failing to meet the filing deadline set forth in Bankruptcy Rule 4007(c). The court held a hearing on the motion, with Randy Reeves, as attorney for the Defendant, and the Plaintiff, Rodney Blake, Jr., pro se, both appearing by telephone. (Doc. # 11). At the conclusion of the hearing, the court took the matter under advisement so as to afford the opportunity to consider the arguments raised by the parties. For the reasons set forth herein, the court finds that the Defendant's motion to dismiss should be set for further oral argument to examine issues not raised by the parties.

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising under, arising in or related to a case under Title 11. This proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Because this matter involves the determination as to the dischargeability of a particular debt, this is a core proceeding that the court may hear and determine. 28 U.S.C. §§ 157(b)(1) and (b)(2)(I).

## FACTS

On August 31, 2012, the Defendant/Debtor, Patricia Lynn Traster (the "Debtor"), commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.[1] The Plaintiff, Rodney Blake, Jr. (the "Plaintiff"), is listed in the Debtor's bankruptcy schedules as a creditor holding an unsecured claim in the amount of $47,000.00. Consideration for this claim was based upon legal service rendered by the Plaintiff, who is an attorney licensed to practice law in Ohio, to the Debtor in a domestic relations matter.

---

[1]

The court takes judicial notice of the contents of its case dockets, both in the underlying Chapter 7 case and in this adversary proceeding, and the Debtor's schedules. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

Immediately after the commencement of the Debtor's bankruptcy case, an automated docket entry was generated providing that, "341(a) Meeting of Creditors to be held on 10/16/2012 at 01:30 PM at Federal Building Lima. Last day to oppose discharge or dischargeability is 12/17/2012." [Main Case, Doc. # 3]. The electronic receipt for this docket entry, which is viewed by pressing the radial button beside it, provides that the only parties receiving notice thereof were: (1) Bruce French, as trustee; and (2) Randy Reeves, as attorney for the Debtor. Notice to these parties was provided electronically through the court's electronic case filing system, otherwise known as ECF.

On September 2, 2012, Bruce French filed notice that he was declining his appointment as trustee in this case. [Main Case, Doc. # 4]. Two days later, a successor trustee was appointed. [Main Case, Doc. # 5]. Contemporaneous with the appointment of the successor trustee, a formal notice was generated by the clerk providing that the § 341 meeting of creditors was to be held on October 30, 2012, and that the last day to oppose discharge or dischargeability was December 17, 2012. [Main Case, Doc. # 6]. On September 6, 2012, this notice was sent by first class mail to a number of persons, including the Plaintiff. [Main Case, Doc. # 9]. Consistent with the notice sent by the clerk, the meeting of creditors was held by the successor trustee on October 30. [Main Case, Doc. # 11].

On December 17, 2012, the Debtor filed a motion seeking to have the entry of a discharge in her case temporarily withheld for the purpose of completing and filing a reaffirmation agreement. [Main Case, Doc. # 16]. Thereafter, a court order was entered granting the Debtor's Motion to withhold discharge, providing therein that no discharge would be entered in the Debtor's case until January 15, 2013. [Main Case, Doc # 17].

On December 17, 2012, the Plaintiff sought to gain access to the electronic case filing system of this district by filing with the clerk a "Registration Form and User Agreement." On the same date, the Plaintiff also placed in the U.S. mail a letter addressed to the Bankruptcy Court. The letter, which was sent by certified mail, was received by the clerk on December 19, 2012. The letter contained papers in the form of an adversary complaint. *See* Fed. R. Bankr. P. 7001(6), 7003.

On December 21, 2012, the clerk sent to the Plaintiff a letter providing that the papers he mailed to

3

the court would not be processed as an adversary proceeding because, as is required by LBR 1002-1, the requisite filing fee was not tendered. *Id*. The putative complaint filed by the Plaintiff was docketed by the clerk as a correspondence. [Main Case, Doc # 19].

On January 10, 2013, this proceeding was formally commenced when the Plaintiff electronically filed an adversary complaint accompanied by the requisite filing fee. [Doc. # 1]. The Debtor responded to the Plaintiff's Complaint by filing her Motion to Dismiss. [Doc. # 3].

## DISCUSSION

An individual debtor who seeks relief under Chapter 7 of the United States Bankruptcy Code does so with the aim of receiving an immediate discharge of personal liabilities. *Schultz v. U.S.*, 529 F.3d 343, 346 (6th Cir. 2008). The Bankruptcy Code, however, places certain restrictions on a debtor's discharge, both with regard to a debtor's right to actually receive a discharge, and also with regard to the types of debts that are subject to a bankruptcy discharge. For this purpose, a debtor may have his or her discharge denied (or if already entered, the discharge may be revoked) and certain types of debts may be determined to be nondischargeable. 11 U.S.C. §§ 523 and 727.

The complaint brought by the Plaintiff is grounded in fraud. From a procedural standpoint it is not entirely clear whether, based upon his allegations of fraud, the Plaintiff seeks to have the Debtor's discharge denied and/or whether the Plaintiff only seeks to have his claim against the Debtor determined to be nondischargeable. The initial difficulty is that the Plaintiff did not cite to any statutory authority as the basis for his complaint.

Further complicating the matter, the Plaintiff's complaint contains contradictory language. The adversary complaint filed by the Plaintiff is entitled "Complaint for Adversary Proceedings; Objection to Discharge." From just the caption, it would appear that the Plaintiff is challenging the Debtor's discharge. Conversely, the averments made by the Plaintiff in his complaint only raise issues concerning his individual claim against the Debtor – thus intimating that the Plaintiff is really only seeking a determination of nondischargeability of the specific debt alleged to be owed to him.

4

Neither a court nor an opposing party should be required to guess as to the nature of a cause of action brought by a complainant. *See* Fed. R. Civ. P. 12(e) (allowing a party to file a motion for a more definite statement). At the same time, the Federal Rules of Civil Procedure adhere to the principle of notice-pleading, with Rule 8(a) embodying this principle by providing that a complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.  8(a). Moreover, Federal Rule of Civil Procedure 8(e), made applicable to this proceeding by Bankruptcy Rule 7008, provides that a party's pleading "must be construed so as to do justice."

The last paragraph of the Plaintiff's complaint, regarding his demand for relief, uses language sounding in the form of a dischargeability action,  providing  "that the claim against him should not be discharged in bankruptcy because he was intentionally persuaded to perform legal services with false claims of financial information and with intentional and spiteful conduct dismissing court ordered payment." When this language is considered within the context of the liberal approach afforded to the Federal Civil Rules of Procedure for pleading, the court is persuaded that the complaint filed by the Plaintiff is sufficient to state a cause of action, and that the Plaintiff's cause of action should be construed as a complaint to determine the dischargeability of a particular debt. Furthermore, given that his complaint is grounded in fraud, the court will construe the Plaintiff's complaint to determine dischargeability as one brought under § 523(a)(2), which excepts from discharge a claim arising from "false pretenses, a false representation, or actual fraud."

Instead of an answer, the Debtor filed her motion to dismiss in response to  the Plaintiff's complaint to determine dischargeability.  A motion brought by a defendant to dismiss an adversary proceeding is governed by Federal Rule of Civil Procedure 12(b), made applicable to this proceeding by Bankruptcy Rule 7012(b). In incrementally numbered paragraphs, Federal Rule of Civil Procedure 12(b) enumerates seven separate grounds upon which a motion to dismiss may be based.

The Debtor predicates her Motion to Dismiss on the "untimeliness" of the Plaintiff's complaint. [Doc. #3, at pg. 2]. The Debtor does not specify upon which of the seven grounds set forth in Rule 12(b) her motion is based. Given the lack of specificity, the court will follow the lead of other courts, and assume that the Debtor is bringing her motion to dismiss under Rule 12(b)(6). *See Ambassadors Travel Services v. Liescheidt (In re Liescheidt)*, 404 B.R. 499, 502 (Bankr. C.D. Ill.2009) ("It is beyond question that a motion

5

to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is the proper vehicle by which to assert a limitations defense where the complaint shows affirmatively that the claim is time-barred."); *In re Lerner*, 2011 WL 1832811 *1 (Bankr. D. Conn. 2011).

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a pleading for a "failure to state a claim upon which relief can be granted[.]" In considering a motion to dismiss under Rule 12(b)(6), the court must assume as true all the well-pleaded facts in the complaint and view them in a light most favorable to the plaintiff, drawing all reasonable inferences in favor of the plaintiff. *Paige v. Coyner*, 614 F.3d 273, 277 (6th Cir. 2010); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir.1996). The purpose of such a motion is not to decide the merits of the case, but to test the legal sufficiency of the complaint. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir.2005). The issue in a 12(b)(6) motion is, therefore, not whether the claimant is entitled to prevail, but whether the claimant is entitled to offer evidence in support of the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L .Ed.2d 90 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984).

The Debtor's position, that the Plaintiff's complaint to determine dischargeability should be dismissed because of its untimeliness, is premised on the Plaintiff's failure to comply with the filing deadline of Bankruptcy Rule 4007(c). This Rule states, in relevant part: ". . . a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." As referenced in this Rule, Bankruptcy Code § 523(c) provides that a debtor is automatically discharged for the kinds of debts specified in paragraphs (2), (4) or (6) of § 523(a), unless the creditor requests and the court makes a determination that such a debt is nondischargeable.[2]

The net effect of § 523(c) and Bankruptcy Rule 4007(c) is to impose a 60-day time limit, commencing from the "first date set for the meeting of creditors," in which a creditor has to file a complaint of the type brought by the Plaintiff in which a nondischargeability determination is sought for the kind of

---

[2] (c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

6

debt specified § 523(a)(2). As to this deadline, the court takes judicial notice of these two facts: (1) the notice sent by the clerk on September 6, 2012, concerning the commencement of the Debtor's bankruptcy case provides that the last day to file a complaint to determine dischargeability is December 17, 2012; and (2) the instant adversary proceeding was formally commenced on January 10, 2013. The Debtor bases her position that the Plaintiff's complaint was untimely upon these enumerated facts.

Consistent with the above facts, the Plaintiff did not dispute that he received timely notice of the commencement of the Debtor's bankruptcy case. The Plaintiff also did not take issue that such notice informed him of a December 17, 2012, deadline to file a complaint to determine dischargeability, and that his complaint, as docketed on January 10, 2013, falls outside the applicable deadline as provided for in the clerk's notice.

Notwithstanding the seeming untimeliness of his complaint, the Plaintiff argues two points as support for his position that he should be allowed to proceed on the merits of his dischargeability action. First, the Plaintiff argues that the deadline for filing a complaint to determine dischargeability was extended when, upon the motion filed by the Debtor, the court delayed the entry of the Debtor's discharge. To this end, the Plaintiff contends that, since his complaint was formally commenced on January 10, 2013, and the entry of the Debtor's discharge was delayed until January 15, 2013, his complaint to determine dischargeability under § 523(a)(2) should be deemed to be timely filed. This first argument is without merit.

Bankruptcy Rule 4004(c)(2) contemplates that, on a motion filed by a debtor, a court may delay the entry of a discharge so as to afford the debtor additional time to file a reaffirmation agreement. This is what occurred in this case, with the court granting the Debtor's motion to delay the entry of a discharge. But delay in the entry of a debtor's discharge does not extend the deadline for filing a complaint, such as that brought by the Plaintiff, to determine the dischargeability of a debt under § 523(a)(2). In fact, while it may seem counterintuitive, the date a debtor's discharge is entered, or to be entered, has no relevance to the deadline for filing a complaint to determine dischargeability under § 523(a)(2).

Bankruptcy Rule 4007(c) is specific with respect to the methodology to be used to calculate the

applicable deadline for filing a complaint to determine dischargeability. For this purpose, the Rule does not reference the timing of a debtor's discharge. Nowhere in Bankruptcy Rule 4007(c) is there mention of a debtor's discharge.

Rather, the salient date for calculating the deadline for bringing a complaint to determine dischargeability is assessed from the date first set for the meeting of creditors, with Rule 4007(c) specifying that "... a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Contrary to the position advanced by the Plaintiff, it is the date first set for the meeting of creditors, not the date of a debtor's discharge, which controls when a complaint to determine the dischargeability of a particular debt under § 523(a)(2) must be filed.

In *Peerless Insurance Co. v. Miller (In re Miller)*, 228 B.R. 399 (6th Cir. B.A.P. 1999), the Bankruptcy Appellate Panel for the Sixth Circuit Court of Appeals addressed a similar issue concerning the deadline provided in Bankruptcy Rule 4007(c). The issue before the court in *In re Miller* was whether "the 60-day period of Bankruptcy Rule 4007(c) commences to run from the first date the § 341 meeting of creditors was initially scheduled or runs from the date the hearing was actually held?" *Id*. at 400. The court in *In re Miller*, answered this question in favor of the debtor, holding that given the Rule's unambiguity, the time period of Bankruptcy Rule 4007(c) would run from the date first set for the meeting of creditors, not from when the meeting was actually held. *Id*. at 401.

In reaching its determination, the court in *In re Miller* found:

> There are good policy reasons for this plain language reading of Rule 4007(c). The fraud, fiduciary breach and willful and malicious injury exceptions to discharge in § 523(a)(2), (4) and (6) were singled out by Congress for special procedural treatment. Complaints to determine dischargeability under these exceptions must be filed in the bankruptcy court. *See* 11 U.S.C. § 523(c)(1). Rule 4007 implements this special treatment with strict time limits that do not apply to other exceptions to discharge. Unlike other creditors with potentially nondischargeable claims, the creditor like Peerless, with a fraud exception to dischargeability, must act quickly in the bankruptcy court or else its exception to discharge will be barred without regard to the merits.

*Id*. All this is not to say that the 60-day time limit of Bankruptcy Rule 4007(c) cannot be enlarged.

Rule 4007(c) provides that on a " motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision." However, no such motion was filed in this case – a fatal defect with Bankruptcy Rule 4007(c) going on to specify that such "motion shall be filed before the time has expired." The rigidity of this requirement is reinforced by Bankruptcy Rule 9006(b), which concerns the enlargement of deadlines under the Bankruptcy Rules, wherein it is set forth that "[t]he court may enlarge the time for taking action under Rules 1006(b)(2),1017(e), 3002(c), 4003(b), 4004(a), *4007(c)*, 8002, and 9033, *only to the extent and under the conditions stated in those rules*." Fed. R. Bankr. P. 9006(b)(3) (emphasis added).

The door is also left open that a creditor may be relieved of the Rule 4007(c) deadline on equitable grounds. In the case of *Nardei v. Maughan (In re Maughan)*, the Sixth Circuit Court of Appeals, disagreeing with a number of other circuit courts, held that the time limit imposed by Bankruptcy Rule 4007(c) is not jurisdictional, but is rather "a statute of limitation – or simply a deadline – that is generally subject to the defenses of waiver, estoppel, and equitable tolling." 340 F.3d 337, 343-44 (6th Cir. 2004).[3]

However, the Sixth Circuit's decision in *In re Maughan* , as well as other decisions following this approach, make it clear that for the deadline of Bankruptcy Rule 4007(c) to be tolled/suspended, something more than excusable neglect must be shown. Bankruptcy Law Manual § 8:25 (5th ed.). For example, as was the situation in *In re Maughan*, the deadline of Bankruptcy Rule 4007(c) is generally only subject to equitable tolling where there is no fault on the part of the creditor and the creditor was misled by the debtor. These types of circumstances have not been alleged in this case - *e.g.*, the Plaintiff acknowledges that he received timely notice of the commencement of the Debtor's bankruptcy case.

---

[3] This conclusion seems to have been implicitly upheld by the United States Supreme Court. Not long after the Court reached its decision in *In re Maughan*, the United States Supreme Court issued its decision in *Kontrick v. Ryan*, 540 U.S. 443, 124 S. Ct. 906 (2004). In *Kontrick*, the Supreme Court concluded that the 60-day deadline for objecting to a debtor's discharge under Bankruptcy Rule 4004 is not jurisdictional. As such, the Court in *Kontrick* ruled that a party forfeited the right to raise the deadline set forth in Bankruptcy Rule 4004 after it lost the case on the merits. In reaching its decision, the Court in *Kontrick* noted the "practical identity" of Bankruptcy Rules 4004 and 4007. Id. at 448, 124 S. Ct. at 911, n. 3.

The Plaintiff's second argument in support of his position that he should be permitted to proceed on the merits of his complaint relies on the documents he mailed to the court on December 17, 2013. These documents, because of a lack of a filing fee, were docketed by the clerk as simply a correspondence, and not as an adversary complaint. According to the Plaintiff, such documents should be construed by the court as a complaint, and the complaint should be deemed to have been filed on December 17, 2013, when the documents were placed in the mail, despite the documents only coming into the physical possession of the clerk two days later when the mail was delivered.

Rule 3 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7003, controls when and how an action in federal court is commenced. Under this Rule, it is provided that a "civil action is commenced by filing a complaint with the court." For purposes of this Rule, the mechanics regarding how a "filing" is made are then governed by Rule 5 of the Federal Rule of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7005. Under Rule 5(d)(2), it is provided:

> (2) How Filing Is Made – In General. A paper is filed by delivering it:
>
> > (A) to the clerk; or
> >
> > (B) to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk.

In this matter, the Plaintiff undertook to file his complaint according to the method described in Rule 5(d)(2)(A) – by delivery to the clerk.

As applied to Rule 5(d)(2), the Plaintiff's position, that the filing of a complaint is complete upon mailing, must be rejected. This is because Rule 5(d)(2) contemplates that a "filing" is only effectuated upon delivery. It is widely recognized that where a complaint is sought to be filed by mail, delivery under Rule 5(d)(2) is only complete upon the clerk's actual and physical receipt of the complaint so that any complaint arriving at the clerk's office after a deadline has passed is untimely, despite the fact that the complaint may have been placed in the mail prior to the deadline's expiration. *See, e.g.*, *Crawford–Mulley v. Corning, Inc.*, 77 F. Supp. 2d 366, 368 (W.D.N.Y. 1999). This is precisely the position adopted by the Sixth Circuit Court of Appeals in *Torras Herreria v. M/V Timur Star*, 803 F.2d 215 (6th Cir. 1986).

In *Torras Herreria v. M/V Timur Star*, the Sixth Circuit addressed the timing aspect of Federal Rule of Civil Procedure 5(e), the predecessor to Rule 5(d)(2), when a document is mailed. In this type of situation, the Sixth Circuit held:

> 'Filing with the court' is defined as filing with the clerk of the court, or, if the judge permits, with the judge. Fed.R.Civ.P. 5(e). If mailed, the filing is accomplished only when actually received by the clerk or when placed in the clerk's post office box. Filings reaching the clerk's office after a deadline are untimely, even if mailed before the deadline.

*Id.* at 216 (internal case citations omitted). It has thus been aptly observed that "filing by mail is risky because its practice exposes parties to potential time bars in the event the documents never arrive, or arrive late as a result of slow postal procedures." 1-5 Moore's Federal Practice - Civil § 5.30[1][a][i][B]. In this respect, "filing" under Rule 5(d)(2) must be contrasted with the "service" of papers on other parties, with Rule 5(b)(2)(C) providing that service of a paper, such as a motion, may be accomplished by "mailing it to the person's last known address – in which event service is complete upon mailing[.]"

For these reasons, the two positions advanced by the Plaintiff against the Debtor's motion to dismiss must be rejected. Notwithstanding, in federal litigation there exists a strong policy favoring the disposition of cases on their merits. *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir.2006). Given this policy, the court is reluctant to dismiss this adversary proceeding until two matters related to the timeliness of the Plaintiff's complaint have been explored further.

First, as set forth above, Rule 3 of the Federal Rules of Civil Procedure provides that a "civil action is commenced by filing a complaint with the court." In this matter, the complaint first mailed by the Plaintiff to the clerk was not docketed as an adversary proceeding because the requisite filing fee did not accompany the complaint. Rule 3, however, does not specify that, to commence a complaint, the requisite filing fee must be tendered with the complaint. This is not to say that a complaint cannot be dismissed by the court when a filing fee is not paid.

At the same time, however, there exists strong authority that a litigant's failure to tender the requisite filing fee at the time a pleading is filed, does not constitute grounds for the clerk refusing to file the pleading. *Parissi v. Telechron, Inc.*, 349 U.S. 46, 47, 75 S. Ct. 577, 577, 99 L. Ed. 867 (1955) (failure to pay

11

a $5.00 "fee did not vitiate the validity of petitioner's notice of appeal."); *In re Toler*, 999 F.2d 140 (6th Cir.1993) (for purposes of the 60-day deadline of Bankruptcy Rule 4007(c), complaint deemed to be filed when tendered to clerk, despite the fact that complaint was returned to complainant for failure to comply with a local rule); *Patterson Dental Supply, Inc. v. Hochhauser (In re Hochhauser)*, 2002 WL 1232933 at *2 (Bankr. W.D. Tenn. June 5, 2002) (compiling cases, and holding that complaint returned by clerk because the form of the filing fee did not comply with the Local Rule, would be deemed to be filed on the date it was first received by clerk). *See also* Fed. R. Civ. P.  5(d)(4) ("The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice.").

Of course, in isolation, a determination regarding whether the Plaintiff's complaint should be deemed to be filed on January 10, 2013, when the complaint was filed with the appropriate filing fee, or earlier, on December 19, 2012, when the complaint was received by the clerk sans the filing fee, would not first appear to be a dispositive issue in this matter. In either instance, the filing of the Plaintiff's complaint would fall past the December 17, 2012, deadline for filing a dischargeability action stated  in the notice sent by the clerk. But upon a closer examination of the court record in the main case  the court also has a concern with the December 17 deadline.

As discussed in detail, Bankruptcy Rule 4007(c) establishes a 60-day deadline, commencing from the day first set for the meeting of creditors, for a claimant to file a complaint to determine dischargeability under § 523(a)(2). In the Debtor's bankruptcy case, the December 17 deadline was predicated upon the meeting of creditors being first set for October 16, 2012,  as was provided for in the automated docket entry generated through the court's ECF system. However, notice of  this automated docket entry was only provided to Bruce French, as trustee, and Debtor's legal counsel because, at the time the entry was generated, they were the only parties connected to the case.

Normally, this does not create an issue because the applicable dates generated by the automated docket entry are then applied verbatim to a physical notice that is shortly thereafter mailed to all creditors disclosed by the debtor. For reasons unknown, this did not occur in this case. Instead, the physical notice sent to creditors was only generated after Bruce French declined his appointment as trustee and a successor trustee was appointed. By this time, however, the physical notice sent to creditors, while still providing that

12

the last day to bring a complaint to determine dischargeability was December 17, had moved the creditors' meeting from October 16 to October 30, with the creditors' meeting actually being held on the latter date.

Consequently, using December 17 as the deadline to file a complaint to determine dischargeability under § 523(a)(2) did not afford the Plaintiff the full 60 days after October 30, 2012, to file such a complaint. Rather, if October 30, 2012, is the applicable date for calculating the deadline established by Bankruptcy Rule 4007(c), the Plaintiff should have been afforded until Monday, December 31, 2012,[4] to file a complaint to determine dischargeability. Consequently, to the extent it would be determined that the Plaintiff's complaint, despite the lack of a filing fee, should be deemed to be filed on December 19, his complaint would be timely filed.

The court has not had the benefit of hearing arguments by the parties on these matters. Accordingly, the court finds that oral arguments on the matters just discussed herein would be appropriate and helpful in reaching its final decision.

For the foregoing reasons, good cause appearing,

**IT IS ORDERED** that further oral arguments are hereby set on the Debtor's Motion to Dismiss [Doc. # 3] to be held on November 6, 2013, at 2:00 o'clock p.m. Courtroom No. 2, Room 103, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.

###

---

[4]
    This is the first non-weekend day falling 60 days after the October 30, 2012, date for the meeting of creditors. *See* Fed. R. Bankr. P. 9006(a)(1)(C).

13