**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge

**Dated: June 6 2014**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 12-34042 |
| | ) | |
| Patricia Lynn Traster, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 13-3009 |
| | ) | |
| Rodney Robinson Blake, Jr., | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Patricia Lynn Traster, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS**

This matter is before the court on Defendant's Motion to Dismiss Plaintiff's complaint to determine dischargeability of a debt allegedly owed to him by Defendant ("Motion"). [Doc. # 3]. Defendant's Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable in this proceeding by Bankruptcy Rule 7012, and is based upon an argument that Plaintiff failed to meet the filing deadline set forth in Bankruptcy Rule 4007(c). After an initial hearing on the Motion, the court entered a Memorandum of Decision and Order [Doc. # 15], rejecting arguments raised by Plaintiff at that hearing and in his opposition but nevertheless setting the Motion for further oral arguments on issues that the parties had not

addressed. Specifically, oral argument was set to be heard on two issues: (1) whether Plaintiff's complaint should be deemed to be filed on December 19, 2013, the date it was first presented to, but was returned by, the clerk of court, and (2) the proper date from which the deadline established by Bankruptcy Rule 4007(c) should be calculated. Both counsel for Defendant and Plaintiff, appearing pro se, appeared by telephone at the hearing held on May 1, 2014, at which the court heard oral arguments on these issues.

## FACTUAL BACKGROUND

The following is a summary of the facts set forth in the court's prior Memorandum of Decision that are relevant to the two remaining issues to be determined. On August 31, 2012, Defendant filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. Plaintiff is listed in Defendant's bankruptcy schedules as a creditor holding an unsecured claim in the amount of $47,000.00. The claim is based upon legal services rendered by Plaintiff, who is an attorney licensed to practice law in Ohio.

Immediately after the commencement of Defendant's bankruptcy case, an automated docket entry was generated providing that the first meeting of creditors was to be held on October 16, 2012, and that the last day to oppose discharge or dischargeability was December 17, 2012. [Main Case, Doc. # 3]. At the time the entry was generated, notice thereof was provided electronically through the court's electronic case filing system ("ECF") only to Defendant's attorney and Bruce French, the Chapter 7 Trustee, since they were the only parties connected to the case at that time.

On September 2, 2012, before mail notice of the first meeting of creditors was sent to creditors by the Bankruptcy Noticing Center ("BNC"), Bruce French filed notice that he was declining his appointment as trustee in this case. [Main Case, Doc. # 4]. Two days later, a successor trustee was appointed. [Main Case, Doc. # 5]. Contemporaneous with the appointment of the successor trustee, a formal notice was generated by the clerk providing that the § 341 meeting of creditors was to be held on October 30, 2012, and that the last day to oppose discharge or dischargeability was December 17, 2012. [Main Case, Doc. # 6]. On September 6, 2012, this notice was sent by the BNC by first class mail to a number of persons, including Plaintiff. [Main Case, Doc. # 9].

On December 17, 2012, Plaintiff sought to gain access to the electronic case filing system of this district by filing with the clerk a "Registration Form and User Agreement." On the same date, Plaintiff also placed in the U.S. mail his adversary complaint addressed to the Bankruptcy Court. The complaint, which was sent by certified mail, was received by the Clerk on December 19, 2012. On December 21, 2012, the Clerk sent Plaintiff a letter informing him that the complaint he mailed to the court would not be processed as an adversary proceeding because the requisite filing fee was not tendered. The complaint was then

2

docketed by the clerk as correspondence. [*See* Main Case, Doc # 19].

On January 10, 2013, this proceeding was formally commenced when Plaintiff electronically filed the adversary complaint accompanied by the requisite filing fee. [Doc. # 1]. The court has construed the complaint as one brought under 11 U.S.C. § 523(a)(2). Defendant responded to Plaintiff's Complaint by filing her Motion to Dismiss. [Doc. # 3].

## **DISCUSSION**

As stated above, only two issues remain to be determined by the court in determining the timeliness of Plaintiff's complaint and ruling on Defendant's Motion: (1) whether Plaintiff's complaint should be deemed to be filed on December 19, 2013, the date it was first presented to the Clerk, and (2) the proper date from which the deadline to file a dischargeability complaint established by Bankruptcy Rule 4007(c) should be calculated. As the court explained in its prior Memorandum of Decision, if Plaintiff's complaint is deemed filed on December 19, 2013, and if the date of the § 341 meeting that was first noticed to creditors, October 30, 2012, is the applicable date for calculating the deadline under Rule 4007(c), then Plaintiff's complaint was timely filed.

### **I. Filing Date**

Rule 3 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7003, controls when and how an action in federal court is commenced. Under this Rule, it is provided that a "civil action is commenced by filing a complaint with the court." For purposes of this Rule, the mechanics regarding how a "filing" is made are then governed by Rule 5 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7005. Rule 5(d) provides in relevant part:

> (2) **How Filing Is Made** – In General. A paper is filed by delivering it:
>
>   (A) to the clerk. . . .
> . . . .
>
> (4) **Acceptance by the Clerk**. The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice.

Fed. R. Civ. P. 5(d). In addition, 28 U.S.C. § 1930(b) vests the Judicial Conference of the United States with authority to prescribe filing fees in addition to those set forth in § 1930(a), which are applicable when a bankruptcy petition is filed. Pursuant to that authority, the Judicial Conference has established the Bankruptcy Court Miscellaneous Fee Schedule, which, in December 2012, required the payment of a $293

3

fee for filing an adversary complaint, subject to certain exceptions not applicable here. *See* 28 U.S.C. § 1930, Bankruptcy Court Miscellaneous Fee Schedule attached as a note thereto, ¶ (6).

A threshold issue is whether delivery of Plaintiff's adversary complaint to the Clerk of the Bankruptcy Court on December 19, 2013, without payment of the required filing fee constitutes the "filing" of the complaint within the meaning of Rule 5. While failure to pay the filing fee is at least arguably not an issue regarding the "form" of the complaint as contemplated in Rule 5(d)(4), for the reasons that follow, the court finds that Plaintiff's complaint should be deemed filed on the date first presented to the Clerk.

In *Parissi v. Telechron, Inc.*, 349 U.S. 46 (1955), the United States Supreme Court considered the effect of nonpayment of the fee required "upon the filing" of a notice of appeal under 28 U.S.C. § 1917. A notice of appeal by the petitioner had been received by the clerk of the district court within the thirty days prescribed by statute for filing an appeal, but was received without the required filing fee. *Id.* The clerk notified the petitioner of his omission and declined to "file" the notice until several days later after he received the fee and after the thirty-day period had expired. *Id.* The court of appeals dismissed the appeal as untimely. The Supreme Court reversed, finding that the clerk's receipt of the notice of appeal within the thirty-day period satisfied the statutory filing requirement and that the untimely payment of the filing fee "did not vitiate the validity of petitioner's notice of appeal." *Id.* The Court noted, however, that its conclusion "does not leave § 1917 without other sanctions." *Id.*

In *New Boston Development Company v. Toler (In re Toler)*, 999 F.2d 140 (6th Cir. 1993), the Sixth Circuit addressed the timeliness of a dischargeability complaint filed within the sixty-day deadline of Bankruptcy Rule 4007(c) but returned to the plaintiff due to his failure to comply with a local rule requiring a summons to accompany the complaint. The plaintiff resubmitted the complaint with an attached summons but did so after the sixty-day deadline had expired. The bankruptcy court dismissed the complaint as untimely filed, and the district court affirmed. The Sixth Circuit reversed. The court declined to follow an earlier unpublished opinion, holding that "a complaint should not be considered filed when it is tendered to the clerk of the appropriate court until all filing prerequisites have been met" and held that "a complaint is deemed to be filed when it is tendered to the clerk of the appropriate court." *Id*. at 142. In so holding, the court cited three bankruptcy cases, each holding that a complaint submitted without the filing fee was nevertheless "filed" when tendered to the clerk. *Id.* (citing *Cosper v. Frederick*, 73 B.R. 636 (Bankr. N.D. Fla. 1986); *Edwards v. Whitfield (In re Whitfield)*, 41 B.R. 734 (Bankr. W.D. Ark. 1984); *Williston Coop. Credit Union v. Horob (In re Horob)*, 54 B.R. 693 (Bankr. D.N.D. 1985)); *Cf. Patterson Dental Supply, Inc. v. Hochhauser (In re Hochhauser)*, No. 01-0918, 2002 WL 1232933, *2-3, 2002 Bankr. LEXIS 1425, *6-11

4

(Bankr. W.D. Tenn. June 5, 2002) (compiling cases, and holding that complaint returned by clerk because the form of the filing fee did not comply with the Local Rule, would be deemed to be filed on the date it was first received by clerk).

Although, at first blush, a later Sixth Circuit case, *Truitt v. County of Wayne*, 148 F.3d 644 (6th Cir. 1998), appears to contradict the holding in *Toler,* the court finds that case distinguishable. In *Truitt*, the plaintiff submitted to the Clerk of Court for the Eastern District of Michigan her complaint brought under Title VII of the Civil Rights Act of 1964, together with an application to proceed in forma pauperis ("IFP"). Her complaint was filed well within the ninety-day statutory deadline for filing the complaint. The clerk stamped the complaint "received" and filed the IFP application. *Id.* at 645. The district court denied the IFP application twenty-nine days later; however, the plaintiff did not pay the filing fee for nearly four months thereafter, at which time the clerk filed the complaint. *Id.* at 646. Because the filing fee was not paid within the ninety-day period, the district court dismissed the complaint, finding that it was not timely filed. *Id.*

The Sixth Circuit affirmed, holding that the limitation period is tolled during the pendency of a plaintiff's IFP application but that "it is proper for a district court to deem a complaint 'filed' only when IFP status is granted or the appropriate fee is paid, rather than at the time a complaint is delivered to the clerk of a court." *Id.* at 648. In so holding, the court expressly agreed with the reasoning in *Williams-Guice v. Board of Education*, 45 F.3d 161 (7th Cir. 1995), and *Jarrett v. US Sprint Commc'ns Co.*, 22 F.3d 256 (10th Cir. 1994). In both of those cases, as well as in *Truitt*, the courts were addressing the filing fee requirement under 28 U.S.C. § 1914 for civil actions in district court, not filing fee requirements under § 1930 in bankruptcy court. In addition to setting forth the filing fee requirement, § 1914 provides that "[e]ach district court by rule or standing order may require advance payment of fees." 28 U.S.C. § 1914(c). Thus, in *Jarrett*, the Tenth Circuit approved a local practice of holding a complaint until the filing fee is paid and declined to articulate an absolute rule as to when a complaint is filed, "leav[ing] the matter to each district court, within the bounds of § 1914." *Jarrett*, 22 F.3d at 259 (stating that "[i]f the District of Kansas does not formally file a complaint until the filing fee is paid, such action does not violate the statutory provision. . . ."). Similarly, in *Williams-Guice*, the district court's local rules permitted a judge to take appropriate action, including directing the clerk to return a complaint *unfiled,* if filing fees were not paid within fifteen days following denial of an IFP application. *Williams-Guice*, 45 F.3d at 163-64; *Cf. Searcy v. County of Oakland*, 735 F. Supp. 2d 759 (E.D. Mich. 2010) (recognizing that *Truitt* addressed the flexibility afforded district courts under § 1914 in "collecting fees and starting cases" but that *Truitt* did not govern the case

5

since the court's practice regarding prepayment of filing fees had changed since *Truitt* was decided).

Unlike § 1914, there is no provision in § 1930 permitting courts to require advance payment of bankruptcy fees authorized by that section. As *Truitt* dealt with the filing fee requirement in district court under § 1914, the court finds it does not govern in this case.

Instead, together with a plain reading of Rule 5(a), the court finds *Parissi* and *Toler*, neither of which involved application of a statute permitting a court to require advance payment of fees, to be persuasive, if not controlling, authority that a litigant's failure to tender the requisite filing fee at the time a pleading is filed does not constitute grounds for the clerk refusing to file the pleading. Based upon that authority, Plaintiff's complaint will be deemed filed on December 19, 2012, the date first received by the Clerk. As the Supreme Court explained in *Parissi,* this conclusion does not leave the failure to pay filing fees without other sanctions. *Parissi*, 349 U.S. at 46.

## II. Calculation of Deadline under Rule 4007(c)

The Bankruptcy Rules provide that a complaint to determine the dischargeability of a debt under § 523(c), which includes debts of a kind specified in § 523(a)(2), " shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4007(c). The Bankruptcy Rules require that "the debtor, the trustee, all creditors" be given "at least twenty-one days notice by mail of . . . the meeting of creditors under § 341. . . ." Fed. R. Bankr. P. 2002(a)(1). The court must also provide at least thirty days notice by mail of the deadline under Rule 4007(c) for filing a dischargeability complaint. Fed. R. Bankr. P. 4007(c) & 2002(f)(5).

At issue in this case, is whether the sixty-day deadline under Rule 4007(c) should be calculated from October 16, 2012, the date the automated docket entry generated on the petition filing date provided the meeting of creditors was to be held, or from October 30, 2012, the date noticed to all creditors that the meeting of creditors would be held. The answer turns on the proper interpretation of "the first date set for the meeting of creditors" in Rule 4007(c).

The October 16, 2012, date set forth in the automated docket entry generated on the petition filing date was noticed electronically through the court's ECF system only to Defendant's attorney and the Chapter 7 Trustee. Given an inherent delay in the BNC mailing notice and the intervening declination by the Chapter 7 trustee of his appointment, no creditor received notice of that date since the appointment of a successor trustee required a different date for the first meeting of creditors. As a result, the first date for the meeting of creditors that was noticed by mail to all creditors in accordance with Rule 2002(a) was October 30, 2012.

6

The parties have cited, and the court has found, no case on all fours with the facts of this case. Nevertheless, the court believes that in order to "set" a date for the meeting of creditors, notice of that date must be provided as required by Rule 2002(a). The court thus construes the provision, "the first date set for the meeting of creditors," to mean the first date for the meeting of creditors that was noticed in accordance with Rule 2002(a). Notice of the October 16, 2012, date was not provided and, thus, was not the "first date *set* for the meeting of creditors" (emphasis added). Rather, October 30, 2012, the first date for the meeting of creditors that was noticed in accordance with Rule 2002(a), is the proper date for the Rule 4007(c) calculation.

Although it is true, as Defendant argued, that Plaintiff had actual knowledge of the December 17 deadline for filing a dischargeability complaint as was noticed by the BNC, that date is only forty-eight days after the first date set for the meeting of creditors. The court is not at liberty to shorten the sixty-day deadline under § 4007(c).

## CONCLUSION

The court having found that October 30, 2012, is the applicable date for calculating the deadline established by Rule 4007(c), Plaintiff should have been afforded until Monday, December 31, 2012,[1] to file a complaint to determine dischargeability. Despite the lack of a filing fee, because the court deems Plaintiff's complaint filed on December 19, 2012, the date it was first received by the Clerk, his complaint was timely filed.

**THEREFORE,** for the foregoing reasons and those set forth in the court's prior Memorandum of Decision and Order [Doc. # 12], good cause appearing,

**IT IS ORDERED** that Defendant's Motion to Dismiss [Doc. # 3] be, and hereby is, **DENIED.**

###

---

[1] This is the first non-weekend day falling sixty days after the October 30, 2012, date for the meeting of creditors. *See* Fed. R. Bankr. P. 9006(a)(1)(C).